Levi Foulke, Plaintiff in Error, *v.* William C. Walker, Defendant in Error.

### ERROR TO EDGAR.

Where A and B convey a right of way to a mill to C, and B afterwards purchases one-half of the mill, B cannot become a witness for C, who has filed a bill to restrain A from obstructing the right of way; being an appurtenance to the mill, B was therefore interested, and was disqualified.

This was a bill in chancery, filed by the plaintiff in error in the Edgar Circuit Court, against the defendant, William C. Walker, to restrain and enjoin him from obstructing a certain passway leading to a grist mill of which the plaintiff was a part owner.

The bill sets out a deed from the defendant and wife, and one Dudley McClain and wife, to plaintiff, conveying to plaintiff a passway over their lands, as then located.

The bill alleges, that the defendant has placed obstructions in said passway, and is threatening to further obstruct it, unless restrained, and, as complainant believes, will so obstruct it, as to prevent his ingress and egress to his said mill, by which he will sustain great and irreparable damages, etc.

On the trial of the case, for the purpose of identifying where the passway was located at the time the conveyance was made, the plaintiff called as a witness *Dudley McClain*, one of the grantors in the deed, who being examined, testified on his *voir dire* that he was one of the grantors in the deed for the right of way to the plaintiff, which was shown him and identified.

"This indenture, made this 8th day of October, 1858, between William C. Walker, Rachel S. Walker, Dudley McClain and Rebecca McClain, of the first part, and Levi Foulke, of the second part, witnesseth, that the party of the first part, for and in consideration of one dollar to them paid, have granted, bargained and confirmed, and by these presents hereby grant, bargain and confirm unto the said party of the second part, and to his administrators and assigns, the right of way through the alley or passway, as now located on the lands of the parties of the first part, in the north-west quarter of section one, township thirteen north, range twelve west; which said alley or passway extends from the Chicago road to the mill lot, this day sold by the said parties of the first part to the said party of the second part. The said right of way hereby granted to the said party of the second part, to be and remain perpetual. In witness whereof, the said parties of the first part have hereunto set their hands and seals the day and year first above written."

It is signed by the parties, and properly acknowledged and recorded. The witness further testified, that the February preceding the commencement of the suit, he purchased of the plaintiff one undivided half of the grist mill, which had been sold by witness and defendant to the complainant, but did not purchase, or think he purchased, any interest in the right of way.

Whereupon the court refused to permit him to testify; to which ruling of the court the plaintiff at the time excepted.

A decree was rendered that the passway mentioned in the deed was only sixteen and one-half feet wide, eight and one-fourth feet on the land of Walker and the same on the land of McClain. That it had not been obstructed by the defend-

ant, nor threatened to be obstructed; and dissolving the injunction, dismissing plaintiff's bill, and judgment for costs in favor of defendant. To reverse which, the plaintiff brings the case to this court by writ of error.

The errors assigned are:

The refusal of the court to permit Dudley McClain to testify as a witness.

That the decree is contrary to the law and evidence of the case.

That questions are settled and adjudicated in the decree which were not raised by the pleadings in the case.

That there is no evidence incorporated in said decree to sustain it.

A. Green, for Plaintiff in Error.

John Scholfield, for Plaintiff in Error.

Walker, J. This was a bill in chancery, filed for the purpose of restraining defendant in error from obstructing a pass way, to and from a mill, owned by complainant and others. On the hearing, it appeared that the way had been conveyed to complainant, by defendant and McClain. That afterwards, and before this suit was instituted, McClain purchased one-half of the mill. On the hearing, plaintiff in error offered McClain as a witness, but he was excluded by the court, to which ruling of the court exceptions were taken, and this is now assigned for error.

The deed of conveyance, from defendant, to plaintiff in error, shows that the right of way became and was an appurtenance to the mill. It could be used or appropriated to no other purpose. It does not purport to convey a fee or any other estate in the soil, but a mere right of way in passing over it to and from the mill. It being an appurtenance to the mill property, until it is severed by a conveyance of the way, it passed by the conveyance of half of the mill to McClain in the same proportion. He, by that purchase, became reinvested of an interest in the right of way, and having such an interest, he was disqualified to give evidence in the case. The court below, therefore decided correctly, in rejecting him as a witness. The decree of the court below is affirmed,

*Judgment affirmed.*